**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

James C.,

Plaintiff,

v.

Kilolo Kijakazi, Acting Commissioner of Social Security,

Defendant.

Case No. 2:22-cv-01314-DJA

**Order**

Before the Court is Plaintiff James C.'s motion for reversal and/or remand (ECF No. 20) and the Commissioner's cross motion to affirm (ECF No. 21) and response (ECF No. 22). Plaintiff filed a reply. (ECF No. 23). Because the Court finds that the ALJ's RFC is not supported by substantial evidence, it grants Plaintiff's motion for remand and denies the Commissioner's cross motion to affirm. The Court finds these matters properly resolved without a hearing. LR 78-1.

## I. Background.

### *A. Procedural history.*

Plaintiff filed an application for a Period of Disability and Disability Benefits Insurance (SSDI) on November 4, 2020, alleging disability beginning on September 1, 2018. (ECF No. 20-2 at 4). Plaintiff's claims were denied initially on September 14, 2021 and upon reconsideration on December 6, 2021. (*Id.*). An administrative law judge ("ALJ") issued an unfavorable decision on May 3, 2022. (*Id.*). Plaintiff requested that the Appeals Council review the decision, which request the Appeals Council denied on June 17, 2022, making the ALJ's decision the final agency decision. (*Id.*).

***B. The ALJ decision.***

In determining Plaintiff's application, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520(a). (AR 26-43). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 1, 2018, the alleged onset date. (AR 28). At step two, the ALJ found that Plaintiff had the following severe impairments: arthropathies; gout; osteoarthrosis; disorders of the muscle, ligament, and fascia; trauma- and stressor-related disorder; and depression. (AR 29). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix I. (AR 29). In making this finding, the ALJ considered Listings 1.18, 12.04, and 12.15. (AR 29-30).

At step four, the ALJ found that Plaintiff had a residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(a) except,

> he can lift and carry 20 pounds occasionally and 10 pounds frequently. He can stand and walk for 2 hours and sit for 6 hours and the use of a cane when flares [sic]. The claimant can never climb ladders, ropes, or scaffolds, but he can occasionally climb ramps or stairs. He can occasionally kneel, crawl, or crouch and frequently stoop. He will have to avoid extreme cold, wetness, excessive noise (defined as loud), vibration, and hazards such as unprotected heights and dangerous moving machinery like chainsaws and jackhammers. He can sustain adequate attention and concentration to complete simple tasks and detailed tasks in a well-spaced work setting.
>
> (AR 32).

At step five, the ALJ found that Plaintiff was unable to perform his past relevant work of construction engineer, security guard, and security guard dispatcher. (AR 41). But the ALJ found that there exist jobs in significant numbers in the national economy that Plaintiff can perform including assembler, table worker, and production inspector. (AR 42). Accordingly, the ALJ found that Plaintiff had not been disabled since September 1, 2018 through the date of the decision. (AR 43).

**II. Standard.**

The court reviews administrative decisions in social security disability benefits cases under 42 U.S.C. § 405(g). *See Akopyan v. Barnhard*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action…brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter, "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." *Id.* The Ninth Circuit reviews a decision of a District Court affirming, modifying, or reversing a decision of the Commissioner *de novo*. *Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2003).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the

Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995).

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)). When a court reverses an ALJ's decision for error, the court "ordinarily must remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). However, the Ninth Circuit has recognized that in appropriate circumstances, courts are free to reverse and remand a determination by the Commissioner with instructions to calculate and award benefits. *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014). The Ninth Circuit has devised a three-part standard, each part of which must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Id.* at 1020.

## III. Disability evaluation process.

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his prior work, then the burden

shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that she can make a finding of disability or non-disability, a determination will be made, and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id.*; 20 C.F.R. § 404.1572(a)-(b). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28. If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(a)(4)(iii). If the individual's impairment or combination of impairments does

not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's RFC, which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSR 16-3p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must evaluate the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1520c for claims filed on or after March 27, 2017.

Step four requires the ALJ to determine whether the individual has the RFC to perform his past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last fifteen years or fifteen years before the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

Step five requires the ALJ to determine whether the individual can do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If she can do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42

## IV. Analysis and findings.

### *A. Whether the ALJ's RFC failed to include moderate limitations in Plaintiff's ability to complete a normal workday and workweek without interruptions.*

1. <u>The parties' arguments.</u>

Plaintiff argues that the ALJ's RFC did not include opinions by Drs. Marisa Hendron and Allie Wright that the ALJ found persuasive. The ALJ found Drs. Hendron and Wright's opinions to be partially persuasive and addressed the portions of their opinions that dealt with interaction with the public (the "Interaction Opinions"), providing specific explanations about why the ALJ did not adopt that portion of the record. But the ALJ did not address their opinions that Plaintiff would be moderately limited in the ability to complete a normal workday and workweek without interruption from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods (the "Psychological Interruption Opinions"). Plaintiff argues that the ALJ did not provide an explanation why the Psychological Interruption Opinions were not supported by or consistent with the record like the ALJ did with the Interaction Opinions, which Plaintiff asserts means that the ALJ found the Psychological Interruption Opinions persuasive. But the ALJ erred by not including the Psychological Interruption Opinions—which the ALJ found persuasive—into the RFC or explicitly explaining why she did not include them. Plaintiff argues that the error was not harmless because the vocational expert relied on hypotheticals based on the defective RFC.

The Commissioner responds that the ALJ did not err because the ALJ's RFC incorporated the doctors' narrative explanation from the forms the doctors filled out. Specifically, the forms Drs. Hendron and Wright filled out followed the four broad functional categories relevant to the psychiatric review technique: (1) understanding and memory limitations; (2) concentration and persistence limitations; (3) social interaction limitations; and (4) adaptation limitations. Under concentration and persistence limitations, the forms listed eight sub-categories, including the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. Drs. Hendron and Wright found Plaintiff moderately limited in this subcategory.

In the narrative portion of the form under concentration and persistence limitations, Drs. Hendron and Wright stated, "[t]he claimant is able to sustain adequate attention and concentration to simple tasks in a well-spaced work setting." (AR 85, 95). The Commissioner points out that the form provides that, while the subcategories "help determine the individual's ability to perform sustained work activities," "the actual mental residual functional capacity assessment is recorded in the narrative discussion(s)." (AR 84, 94). As a result, the Commissioner asserts, the ALJ did not need to consider each subcategory, but could instead rely on the doctors' narrative portions of the form. Because the ALJ's RFC incorporated that narrative portion, the ALJ properly incorporated the limitations identified by both doctors into the RFC.

Plaintiff replies that the ALJ's failure to incorporate the Psychological Interaction Opinions was harmful error because those opinions reflect Plaintiff's inability to complete a normal workday. Plaintiff points out that other courts have found that a failure to incorporate subcategories that impact a Plaintiff's ability to complete a normal workday was error. And because the vocational expert opined that an individual who would be off task fifteen percent of the workday is unemployable, Plaintiff asserts that this error was not harmless.

2. <u>Analysis.</u>

The ALJ is responsible for determining a plaintiff's RFC, which is the most a claimant can do despite existing limitations. 20 C.F.R. § 404.1545(a), 404.1546(c). 416.945(a). The RFC assessment must include all of the claimant's functional limitations supported by the record. *See Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). It need not directly correspond to a specific medical opinion but may incorporate the opinions by assessing RFC limitations entirely consistent with, even if not identical to, limitations assessed by the physician. *Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010). But "[i]f the RFC assessment conflicts with an opinion from a medical source, the [ALJ] must explain why the opinion was not adopted." Social Security Ruling 96-8p. An error that is inconsequential to the non-disability determination is harmless. *See Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). If the errors of the ALJ result in an RFC that does not include relevant work-related limitations, the RFC is deficient, and the error is not harmless. *See id.* at

1052-54; *see also*, *Carmickle v. Comm'r. Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008); *see Embrey v. Bowen*, 849 F.2d 418, 422-23 (9th Cir. 1988).

In *Stubbs-Danielson v. Astrue*, the Ninth Circuit found that an ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with—but not necessarily identical to—restrictions identified in the medical testimony. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). However, numerous decisions in this District have found error with the failure to include in an RFC those moderate limitations to which the ALJ purported to afford weight. *See, e.g.*, *Padilla v. Colvin*, No. ED CV 14-1843-PLA, 2015 WL 3849128, at *6 (C.D. Cal. June 22, 2015) ("despite the ALJ's assertion that he afforded [physician's] opinion significant weight ..., the ALJ failed to explain why he apparently rejected and did not include in the RFC determination [physician's] moderate limitations in the ability to perform work activities on a consistent basis without special or additional supervision, and to complete a normal workday or work week due to her mental condition"); *Ortiz v. Colvin*, No. CV 15-02831-RAO, 2015 WL 7454509, at *4 (C.D. Cal. Nov. 23, 2015) (error where medical opinion restricting contact with numerous groups led to RFC restricting contact with one group without adequate explanation); *Sahyoun v. Saul*, No. 2:18-cv-576-EFB, 2020 WL 1492661, at * 4 (E.D. Cal. Mar. 27, 2020) (rejecting argument that RFC determination that plaintiff could sustain work involving simple, repetitive tasks adequately captured moderate limitations in maintaining regular attendance, completing a normal workday or work week without interruption from a psychiatric condition, and handling normal work-related stress).

The Central District of California's decision in *Christopher G. v. Saul* stands for the proposition that an ALJ's failure to address a doctor's opined moderate limitations in the RFC when the ALJ otherwise finds that doctor's opinion persuasive is an error. *Christopher G. v. Saul*, No. 2:18-cv-00576-EFB, 2020 WL 2079972, at *6 (C.D. Cal. Apr. 30, 2020). There the ALJ credited the opinions of two doctors who found, in part, that the plaintiff was moderately limited in his ability to complete a normal workday and workweek without interruptions from psychologically based symptoms. *Id.* The court acknowledged that, under *Stubbs-Danielson*, an

ALJ's RFC may sufficiently account for a physician's opinion regarding limitations without using the same language as the physician. *Id.* But the Court noted that, in relevant part, the ALJ's RFC did not incorporate the plaintiff's moderate limitations in completing a normal workday or workweek at all. *Id.* The court pointed out that, "[w]hile moderate limitations do not necessarily indicate that Plaintiff is unable to perform all work activity, the ALJ was required to either include these limitations in Plaintiff's RFC assessment or provide legally sufficient reasons for rejecting them." *Id.* at *7.

Here, the Court finds *Christopher G.* persuasive and finds that the ALJ erred by not incorporating Drs. Hendron and Wright's Psychological Interruption Opinions into the RFC. As a preliminary matter, the Court does not find that the ALJ's inclusion of the doctors' narrative discussions—that Plaintiff "is able to sustain adequate attention and concentration to complete simple tasks in a well-spaced work setting"—in the RFC adequately addresses the Psychological Interaction Opinions. While the form indicates that the narrative portion is intended to constitute the "actual" mental residual functional capacity assessment, that narrative does not appear to mention the Psychological Interaction Opinions. And the ALJ does not otherwise explain why the narrative explanation is sufficient to incorporate that opinion into the RFC. Instead, like the opinions in *Christopher G.*, which were entirely absent from the RFC, the Psychological Interaction Opinions here are entirely absent. This absence makes Plaintiff's case distinguishable from *Stubbs-Danielson* because the RFC did not simply account for the Psychological Interaction Opinions using different language than the doctors. It did not account for them at all. And the ALJ did not provide a legally sufficient explanation for rejecting them. This explanation is particularly absent here, where the vocational expert testified that an individual with Plaintiff's limitations who would be off-task for fifteen percent of the workday would be precluded from work. On this record, the Court cannot conclude that the error was harmless.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for remand (ECF No. 20) is **granted.** This matter is remanded to the agency for further administrative proceedings regarding Drs. Hendron and Wright's opinions.

**IT IS FURTHER ORDERED** that the Commissioner's countermotion to affirm (ECF No. 21) is **denied.** The Clerk of Court is kindly directed to enter judgment accordingly and close this case.

DATED: November 3, 2023

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE